**LAW OFFICE OF SAM A. SCHMIDT**
115 BROADWAY
NEW YORK, N.Y. 10006
(212) 346-4666
FACSIMILE (212) 346-4668
lawschmidt@aol.com

Sam A. Schmidt, Esq.

November 27, 2019

Honorable Victor Marrero
United States District Court Judge
500 Pearl Street
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _____

      Re:    *United States v. Randy Torres*, et al
              16 Cr. 809 (VM)

Dear Hon. Judge Marrero:

      We are now less than ten (10) weeks prior to commencing trial on the above case. Defense counsel is still in the process of reviewing the enormous amount of social media and telephone recordings material. For material that is not designated "For Attorney Eyes Only" we have had access to our client's assistance in order to translate words and symbols that are slang and now have a better understanding of that material and the need for further investigation that has resulted from such material. As for the material that has been designated "Attorney Eyes Only" (AEO) we have not been able to been able to consult with our client not only to decipher the actual words or symbols but more importantly, to understand the context of the statements made.

      When a photograph, symbol, comment or whatever is on a non AEO account, we are able to print out or make a "snip" of the post with the resulting comments, show it to and then discuss it with our client. When the photograph, symbol, comment or whatever originates on an AEO account, even if our client or any other non AEO account viewed and commented on it, we are unable to review the photograph, symbol, comment or whatever that caused our client or others to comment on it. Since these posts rarely makes sense without the full context of the original post and comments made by others and are three (3) to five (5) years old, just showing out client's comment or whatever does not help us understand the post making it impossible for us to determine whether such is relevant or helpful for our

1

## LAW OFFICE OF SAM A. SCHMIDT

defense or requires additional investigation.

At the present time, I have more than 300 pages of Facebook posts with its comments (not direct messages) that I want to review with my client that are from AEO accounts. I expect that there will be another 300+ pages as we get through all of our searches. Of these pages, approximately 50% are posts where my client or other trial defendant have commented or are tagged. That means he or they had access to the post and comments, and the ability to see the post and all of the comments when it was posted and until the account was closed. However, only his comment, not the rest of the post would appear in the archive.zip folder of that person we received from the government.

For example, if Randy Torres commented on a photograph, post or status update of an "Attorneys Eyes Only" account, Mr. Torres' Facebook account would, at most, reflect his comment, date and time made, but would not have any information relating to what was originally posted to cause Mr. Torres to make a comment or reflect any other comment to that post made by any other person. However, as a result of Mr. Torres commenting on a post, he would have had access to all of the photographs, status updates and comments relating to the post in real time when accessing his own Facebook account. Therefore, the original posts and all comments would have been known to him. Since most of the posts relate to the period from 2014 to 2016, it is impossible for him to remember the context or meaning of even his own post without seeing it.

The pages we wish to review with Mr. Torres are the product of us making "snips" from the Facebook data. I am attaching an example of what a snip looks like. However, in the Prince Naseem account received from the government we would see these entries but not the photo or other comments.

| 2015-01-23 14:59:37 | Prince Naseem | 😎😎😎😎😎😎 |
| 2015-01-23 15:00:01 | Prince Naseem | Niggaz got chu too 😡😡😡😡 |

Obviously, Mr. Torres would have seen the photo to have commented on it. Though the "snip" identifies who originally posted it, defense counsel does not need to identify to Mr. Torres from what account we obtained the snip. No private

2

## LAW OFFICE OF SAM A. SCHMIDT

information is contained in the snips.[1]

I have attached a non AEO post three page snip that is filed ECF with the redacted submission to demonstrate the full post and what would be seen on Mr. Torres Facebook account. The snip contains a photograph posted on Mr. Feliz Facebook page with fifty-four(54) likes or comments, including three (3) by Prince Naseem, Randy Torres. On Mr. Torres Facebook data received from the government, just the three (3) comments would appear. There would be no photograph nor the other fifty-one (51) comments or likes.

Significantly, many of the affidavits provided by the government in discovery, including redacted ones, cite Facebook comments from AEO accounts. For example, in 19 Mag 6389 *redacted* , a Direct Message,      *redacted*
thus demonstrating that the government had access to *redacted*  Facebook account.  In fact, even in the redacted affidavit, the government acknowledged seeking to obtain *redacted* account even though his account remains for AEO.

We also note that though the government claimed that many of the AEO accounts are "3500" or "Giglio" material, the posts where our client is tagged, commented or even mentioned is material that we should have received as discovery under Rule 16(a)(1)(B)(i) and (a)(1)(E). This is especially true since defendants do not have the ability to obtain Facebook on our own.

In its August 5, 2019 letter opposing modification of the protective order the government stated that the purpose of the AEO classification was "to protect the account owners' privacy and safety." The government also noted that

> the social media returns contain a wealth of personal and private information far beyond that contained in the cover page of the return, which sets out certain identity information. For instance, the returns contain countless confidential communications and details of those uncharged individuals' private lives completely unrelated to the subject matter of this case.

We have no desire to violate the privacy of these account holders. We are not

---

[1]  The full snip will be filed under seal and provided to the government and the Court with the unredacted submission.

3

## LAW OFFICE OF SAM A. SCHMIDT

presently requesting to review the direct messages retrieved from those whose accounts are designated AEO at this time.[2] We are seeking to review and discuss only Facebook posts at this time. Thus, there is no confidential or private information in these posts. These are posts for all of the account holders Facebook "friends" to see. Among the "friends" are Randy Torres, Matute, Owen, Ventura and others whose accounts are not AEO. In approximately 50% of the snips of the posts, one or more of the above defendants responded to the posts we seek to show our client. Further, at this point, we a re not requesting that our client kept the page or snip but simply review it with counsel.[3]

As for safety concerns, had defense counsel received access to the accounts without a more limited protective order that allowed our client to view the material, there would have been no differentiation among the accounts, i.e., no one would have known who were prospective witnesses since apparently all the accounts relate to members of the "Rollin' 30s Crips" cited in the indictment. Further, even before receiving the "For Attorney Eyes Only" material it was obvious to all counsel and defendants who are likely cooperators - those who are not trial defendants but have not yet been sentenced.

Again, we are not requesting at ths time that our clients have full and complete access to those Facebook accounts but that we be able to show and discuss with them specific posts that include photographs, comments and symbols.

We have conferred with the government in an attempt to resolve this issue prior to making this request to your Honor. We provided an example of one of the posts we sought to review and discuss with our client. The government's position on this matter is both illuminating and cryptic. Even as to the Facebook posts that Mr. Torres actually responded to, the government refused to agree to modify the protective order to allow a simple review with Mr. Torres. Though the government acknowledged that it "is very possible that there are posts for which we would not object to you sharing them with your client" it suggested that we first provide the

---

[2] The data received from Facebook for an account of a person who is a party to a Direct Message thread, unlike posts, will reflect all of the messages in the thread. Since most of the threads we need to discuss with Mr. Torres at this time can be found in the non AEO accounts, we are not presently seeking to review the Direct Message threads from the AEO accounts. However, will need to do so with ample time prior to trial.

[3] The government's concern about privacy seems selective. Few if any of the owners of the accounts that are freely accessible to the defendants were asked to authorize disclosure of the entire accounts, personal material included, before being turned over to the defense counsel.

## LAW OFFICE OF SAM A. SCHMIDT

pages or snips to them for approval noting its position that there are "significant safety and privacy concerns implicated by the Facebook returns."

This is untenable. Bringing the government's attention to posts that interest us provide substantial clues to how we are preparing potential defenses and provide information to the government to assist preparation of their witnesses for direct and cross-examination. It may even draw attention to potential damaging information that the government is unaware of.

By reviewing and not giving copies of paper snips from only the public Facebook posts we assumed that the privacy and confidentiality concerns would be satisfied. By noting that the likely cooperators were already known for our client and that the AEO accounts included others who were not cooperating, we assumed that Mr. Torres would receive no additional information as to the identity of the cooperating witnesses. Further, by the government stating that it "is very possible that there are posts for which we would not object to you sharing them with your client," we understood that the identification of the person who posted the photo, comment or status update was not a security concern.

We were baffled. By using paper snips of public Facebook posts of all the AEO accounts without identifying which may be cooperators, we thought that we dealt with the legitimate concerns of the government. Nevertheless we continued to seek a resolution without addressing your Honor. We asked the government to identify the nature of their concerns and/or provide us examples of Facebook posts or comments that raised its concerns. We wrote that we

> can assure you that none of the snips are embarrassing personal.
> Other than the identity of the FB account, we don't have any idea of
> what security issues you are concerned. Since this is paper, we can
> redact names of family members of the AEO account holders if that
> is a concern.

The government refused.

Just so it is clear to your Honor, when we review a Facebook post with our client, will not identify the person who posted it as a cooperator, non cooperator, witness or non witness. If the government wishes us to redact names of family members of the posters that appear on the snips and are not associated with any alleged gang activity, we will do so.

## LAW OFFICE OF SAM A. SCHMIDT

So far we have spent literally hundreds of hours reviewing the electronic data in order for us to be able to limit the material that we must show our client in order to adequately prepare for trial.

We also request that we be permitted to review prison calls we received from the government that was designated AEO where any of the trial defendants participated. As such calls directly involve the defendants facing trial, it is not 3500 but discovery material. Significantly, defendants are already aware that the government has subpoenaed prison telephone calls of Rollin' 30s members. In its unredacted AND redacted versions of a 2017 affidavit, 17 Mag. 3221, the government stated

> 11e. After Chafla's murder, various members of the Stratford Avenue Crew discussed the incident in recorded prison calls. Of note, a few days after the murder, CHRISTOPHER DOMENA, a/k/a "Lil T," spoke on or around March 30, 2015 with his brother, TOMAS DOMENA, a/k/a "Big T," during which conversation TOMAS asked whether CHRISTOPHER had anything to do with "it." TOMAS said that he "had seen that shit on the news" and that he knew it was "Dirt and your dumb ass, bro." CHRISTOPHER affirmed that he "was there" but that the video "only really showed Dirt." TOMAS then asked who Dirt "did that to," and CHRISTOPHER replied "to Lucca." CHRISTOPHER confirmed that Dirt had used "the bitch.[4]

17 MAG 3221 at page 13.

During our conversation with the government one of the prosecutors said, in sum and substance, "I had the same problem you had about understanding the posts and context of them. But if you just keep reviewing the Facebook materials, you will eventually be able to understand what they all means." Perhaps the defense team is not as sharp as the prosecutors. Perhaps their access to and consultation with cooperating witnesses made it easier for them to understand the context. We, unfortunately, do not have any alleged member of the Rollin' 30s to consult with as to the Facebook posts from the AEO accounts.

---

[4] Paragraph 12h reflects another recorded prison call.

## LAW OFFICE OF SAM A. SCHMIDT

It is of great important that counsel fully understand and organize the social media material before receiving the actual 3500 material. We must have the time to correlate the actual 3500 material with the terrabytes of material from the social media accounts. If your Honor requests, we are willing to present *in camera* additional snips including some that would likely preview our defense.

Preventing counsel from consulting with our clients even after we have spent an enormous amount of time reviewing the material and preparing "snips" that appears to completely eliminate the security and privacy concerns is clearly a violation of our clients' due process rights.

I respectfully request that your Honor modify the protective order as requested.

> Respectfully,
> /s/
> Sam A. Schmidt
> Andrew M. J. Bernstein
> Attorneys for Randy Torres

The Government directed to respond by 12-13-19, by letter not to exceed seven (7) pages, to the matter set forth above by defendant Randy Torres.

**SO ORDERED.**

12-6-19
DATE

VICTOR MARRERO, U.S.D.J.

7

**2015-11-15 21:03:31**
Upload IP: 2401:db00:11:1020:face:0:4d:0
Album Name: Instagram Photos
Tags:



### YOU NOW LOW @_dxrtc.cocaina

| COMMENTS: | | |
|---|---|---|
| 2015-11-15 21:04:45 | JeFe Loco | |
| 2015-11-15 21:05:02 | JeFe Loco | 😊😊😊😊 |
| 2015-11-15 21:05:07 | JeFe Loco | 😊😊😊😊 |
| 2015-11-15 21:05:13 | JeFe Loco | 😊😊😊😊 |
| 2015-11-15 21:05:53 | JeFe Loco | @(Wasii Ryc |
| 2015-11-15 21:08:27 | Billy Blanco | |
| 2015-11-15 21:08:38 | Billy Blanco | 😊😊😊😊 |

| | | |
|---|---|---|
| | | Rychs Bino) |
| 2015-11-15 21:09:28 | **Valencia Nicole** | |
| 2015-11-15 21:09:30 | **Valencia Nicole** | |
| 2015-11-15 21:09:39 | **Makaveli Angel** | |
| 2015-11-15 21:09:39 | **Valencia Nicole** | |
| 2015-11-15 21:10:36 | **Billy Blanco** | Fuccin dead |
| 2015-11-15 21:11:22 | **Biggaveli Dayday** | Lmaoooo!!! |
| 2015-11-15 21:11:39 | **Cook Harlem** | |
| 2015-11-15 21:13:04 | **JeFe Loco** | 😊😊😊😊 |
| 2015-11-15 21:13:41 | **Cook Harlem** | 😊😊😊😊😊👊👊👊👊👊 |
| 2015-11-15 21:18:31 | **Kyle Malik Spann** | |
| 2015-11-15 21:21:07 | **Hoffa Rolla** | My lil bro lookin crazyyyyy 😊😊😊😊😊 |
| 2015-11-15 21:21:44 | **Prince Naseem Hamed** | |
| 2015-11-15 21:24:43 | **Hoffa Rolla** | |
| 2015-11-15 21:25:16 | **CoCaina El MafiOweso** | This is wahh we doin Now ( 😊😊😊😊😊😊😊 |
| 2015-11-15 21:25:44 | **Kyle Malik Spann** | Is that @(Pully StaySchemi front of him 👀 |
| 2015-11-15 21:27:26 | **JeFe Loco** | 😊😊😊😊😊😊😊 |
| 2015-11-15 21:28:13 | **Prince Naseem Hamed** | |
| 2015-11-15 21:28:18 | **Prince Naseem Hamed** | Petty 😊👀😊😊 |
| 2015-11-15 21:28:38 | **Valencia Nicole** | |
| 2015-11-15 21:28:49 | **Pully Luchiana** | 😊😊😊 |
| 2015-11-15 21:28:59 | **Pully Luchiana** | Why must ya play? |
| 2015-11-15 21:29:09 | **Kyle Malik Spann** | |

Hoffa Rolla

| 2015-11-15 21:29:31 | Wasii Rych | 😊😊😊😊 |
|---|---|---|
| 2015-11-15 21:29:52 | CoCaina El MafiOweso | Nooo |
| 2015-11-15 21:30:02 | Pully Luchiana | Lmao |
| 2015-11-15 21:30:17 | Kyle Malik Spann | Nigga look |
| 2015-11-15 21:41:09 | Jabari Naseem | 😊 |
| 2015-11-15 22:12:54 | Joshua Thomas | 😊😊😊😊 |
| 2015-11-15 22:44:05 | Tee Glizzyy | |
| 2015-11-15 22:44:45 | Adelayne Jazmine Banks | |
| 2015-11-15 22:53:18 | Jamal Gudda Balla Hill | |
| 2015-11-16 13:44:18 | Angel Vargas | |
| 2015-11-16 14:06:07 | Kyle Malik Spann | 😊😊😊😊 |
| 2015-11-20 04:26:32 | Davontay Pittman | O shyt that |
| 2015-11-20 04:37:45 | CoCaina El MafiOweso | |
| 2015-11-20 04:38:09 | Valencia Nicole | |
| 2015-11-20 04:38:47 | Hoffa Rolla | 😊😊😊😊 |
| 2015-11-20 04:38:59 | Hoffa Rolla | @(Leww Gc |
| 2015-11-20 04:39:49 | CoCaina El MafiOweso | Thats how i 😊😊 |
| 2015-11-20 04:57:08 | Leww Gotti | Lmfao fukk 😊😊 |
| 2015-11-20 04:57:48 | Valencia Nicole | |
| 2015-11-20 10:06:46 | Purp Rolla | |
| 2015-11-20 10:13:15 | Kyle Malik Spann | Nigga got e MafiOweso) |
| 2015-11-20 10:14:37 | Purp Rolla | @(CoCaina @(Kyle Mali |