**LAW OFFICE OF SAM A. SCHMIDT**
115 BROADWAY Suite 1704
NEW YORK, N.Y. 10006
(212) 346-4666
FACSIMILE (212) 346-4668
lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
_____

February 17, 2020

Honorable Victor Marrero
United States District Court Judge
500 Pearl Street
New York, NY 10007
**BY ECF**

    Re:   *United States v. Randy Torres*, et al
            16 Cr. 809 (VM)

Dear Hon. Judge Marrero:

    Defendant Randy Torres moves to strike GX 610L from evidence in this case. Attached. This exhibit reflects a Facebook Direct Message ("DM") between cooperator Nathaniel Rodriguez and a person identified on the exhibit as Luis Lao. This DM was admitted over defendant's objection under Federal Rule of Evidence 801(d)(2)(E) as a statement made by a co-conspirator during the conspiracy.

    Though your Honor made a pretrial determination of admission of some evidence under Federal Rule of Evidence 801(d)(2)(E), we believe that this was not one of the examples the government included in its motion. Further, your Honor gave clear guidance as to what evidence could be admitted under this rule and what could not be. At pages 8-9 of your Honor's Decision and Order you noted

> Under Rule 801 (d) (2) (E), a statement is not hearsay if offered against an opposing party and made by the party's coconspirator "during and in furtherance of the conspiracy." The Court must make two findings by a preponderance of the evidence. First, "that a conspiracy existed that included the defendant and the declarant." United States v. Gigante, 166 F . 3d 75, 82 (2d Cir. 1999). "The conspiracy between the declarant and the defendant need not be identical to any conspiracy that is specifically charged," id., but it is

1

not enough if the two are associated in "some other venture." <u>United States v. Russo,</u> 302 F . 3d 37, 44 (2d Cir. 2002)(emphasis added). It is enough that the conspiracy between the declarant and the defendant is "factually intertwined" with the charged offenses. <u>United States v. Stratton</u>, 779 F.2d 820, 829 (2d Cir. 1985)

Your Honor made it clear that there were limitations to the admission of such evidence. At page 12 your Honor noted in relation to the telephone call between victim 1 and Katchee that

> Defendants are correct that "[a]n association between the defendant and the declarant in some other venture and in particular a general association between them in the Mafia -- will not suffice," <u>Russo</u>, 302 F. 3d at 44, the Government has alleged more than just a general association here.

Defendant Torres objected to the admission of GX 610. TT 393-5. Most telling is that the government's argument was identical the one that the court rejected in <u>Russo.</u> The government argued that

> So whether or not Luis Lao is part of the Rollin' 30s charged enterprise, it's clear from the conversation itself that Lao and Rodriguez are part of a conspiracy together.

TT 395.  The government did not indicate what conspiracy they both participated in.  It was clear that at most Lao claimed to belong to a rival Crip flag or banner to the Rollin30s, - a "Gangsta," and thereby an enemy. Thus, like simply being in the Mafia, the most that could be argued, even without any corroboration, that both Lao and Cook were Crips. Your Honor overruled our objection. Immediately thereafter, the government continued its examination with Rodriguez.

> Q. Who is Luis Lao.
> A. I don't know. He just hit me up.

TT 423.  During cross-examination, Rodriguez's lack of involvement with Lao became even more clear.

> Q. Now, you saw this direct message with a person named Luis Lao; right? Did you know anything about him other than what he posted?

2

A. No.
Q. Were you able to verify in any way whether or not he was a member of any Crip gang?
A. I don't remember if I tried to verify if he was a part of any Crip gang or not.
Q. Well, you certainly didn't try to verify it while you were doing the DMs with him; is that right?
A. Well, we were conversating.
Q. You didn't go and do any telephone call or anything during that time to find out whether or not he really was one; right?
A. I don't believe so.
Q. Did you commit any crimes with him?
A. No.
Q. Did you conspire to commit any crimes with him?
A. No.
Q. Did you act in concert with him involving any crimes?
A. No.
Q. Did you have any kind of agreement with him?
A. No.
Q. Did you trust him in any way?
A. I don't know him.

TT 604-05

      This exhibit is more than merely significant. It is the only evidence other than the uncorroborated testimony of the cooperating witnesses where a claim is made that Mr. Torres actually personally participated in any charged racketeering act even though the alleged act referenced by Lao is undated and uncorroborated.

      Therefore, Mr. Torres requests that GX 610L be struck and that the jury be informed that such exhibit has been struck.

      Respectfully,
      /s/
      Sam A. Schmidt
      Andrew M. J. Bernstein
      Attorneys for Randy Torres

cc: all counsel by Email and ECF