```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :         **16 CR 809(VM)**
         -against-                 :       **DECISION AND ORDER**
                                   :
RANDY TORRES,                      :
                                   :
                  Defendant.       :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On February 24, 2020, defendant Randy Torres ("Torres") was convicted after a three-week jury trial of one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), in connection with his role in a criminal organization known as the Rollin' 30s. (See "Superseding Indictment," Dkt. No. 303; Dkt. Entry dated February 24, 2020.) The Superseding Indictment also included notice of a special sentencing factor as to this count, stemming from Torres's alleged participation in the September 19, 2015 murder of Nestor Suazo ("Suazo"). (Superseding Indictment ¶ 12.)

Pending before the Court is Torres's motion for a new trial pursuant to Federal Rule of Civil Procedure ("Rule") 33(b)(1). (See "Motion," Dkt. No. 577.) The Court also received the declaration of Torres's counsel, Sam A. Schmidt, and a memorandum of law in support of the Motion. (See Dkt. Nos. 578, 579.) The Government filed an opposition ("Opposition," Dkt. No. 589), and Torres filed a reply

1

memorandum of law in further support of his Motion ("Reply," Dkt. No. 592). For the reasons that follow, the Motion is **DENIED**.

When, as here, a defendant seeks relief under Rule 33 based on "newly discovered evidence," she bears the burden of showing:

> (1) that the evidence is "newly discovered after trial"; (2) that "facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence"; (3) that "the evidence is material"; (4) that the evidence "is not merely cumulative or impeaching"; and (5) that "the evidence would likely result in an acquittal."

United States v. James, 712 F.3d 79, 107 (2d Cir. 2013) (quoting United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007)). To grant a Rule 33 motion, the trial court must "harbor a real concern that an innocent person may have been convicted." United States v. Guang, 511 F.3d 110, 119 (2d Cir. 2007) (internal citations and quotation marks omitted). The trial court has "broad discretion" in deciding such motions. United States v. Ferguson, 246 F.3d 129, 133 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992)). Nevertheless, courts reviewing Rule 33 motions must exercise their discretion "sparingly" and grant them "only with great caution and in the most extraordinary circumstances." Sanchez, 969 F.2d at 1414. "The ultimate test

on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." Ferguson, 246 F.3d at 134.

The basis for Torres's Motion is "newly discovered evidence" contained in an affidavit signed by co-defendant Emil Matute ("Matute") on October 12, 2020. (See "Affidavit," Dkt. No. 577-1.) In the Affidavit, Matute states that the information he learned regarding the Suazo murder was relayed to him secondhand. In particular, he explains that he was "not present during the fight," and "[e]verything [he] learned about the events," he "heard from other people who were talking about it." (Affidavit ¶¶ 2-3.) Matute further states, "I don't remember who told me what," and "I don't know if the people who told me about the incidents actually saw or heard what happened or just heard it from others." (Id. ¶ 4.) This is significant because before trial, the Government had argued that a cooperating co-defendant, Nathaniel Rodriguez ("Rodriguez"), could testify about what Matute told him regarding the Suazo murder under Rule 801(d)(2)(E) because Matute was a co-conspirator.[1] Torres now

---

[1] In particular, Rodriguez testified:

> I asked [Matute] like what led to the situation getting that big, and he told me that [Torres] got stabbed by Spaz, and Star got stabbed by Spaz as well. So [Matute] informed me that [Torres] told Fly to go get the gun out of the car, and they ran up -- well, Fly ran up Tremont and passed the gun to J Rocc and J Rocc shot [Suazo] and Spaz.

(Trial Tr. at 487:4-9.)

3

argues that while the co-conspirator exception may have rendered Rodriguez's testimony admissible, it did not do the same for Matute's testimony, which was inadmissible hearsay within hearsay.

The Court finds that the Affidavit does not entitle Torres to a new trial under Rule 33. First, the Affidavit does not constitute "newly discovered evidence" because Torres was "aware of" the fact that Matute's statements were secondhand before trial. See Owen, 500 F.3d at 89-90 ("One does not 'discover' evidence after trial that one was *aware of* prior to trial."). The Government argues, and defense counsel does not dispute, that Torres was at the scene of the fight where Suazo was murdered. Thus, Torres was "aware of" the fact that Matute was not himself present, and therefore any information Matute relayed regarding the fight and Suazo's murder must have been learned indirectly.

Indeed, in briefing on pretrial *in limine* motions, defense counsel argued that "it is clear that Mr. Torres is linked to the murder of Mr. Suazo . . . only by unreliable and inconsistent hearsay statements." (Dkt. No. 421, at 7.[2]) With respect to the testimony of one confidential informant -- who, like Matute, "reported hearing" that Torres told

---

[2] Because this filing is not paginated, the page numbers cited herein refer to the page numbers of the PDF filed on ECF.

4

another gang member to get the gun that was used to kill Suazo -- Torres argued: "[w]ho, how, where and when he 'report[ed] hearing' is unknown as is how many layers of hearsay were involved." (Id. at 7.) Thus, Torres was already "aware of" the possibility that Matute's statements contained hearsay from unknown sources.[3] Torres now argues that the Affidavit makes that possibility a reality. But the Affidavit does not definitively establish anything. Instead, the Affidavit indicates only the possibility that Matute learned the information from sources other than co-conspirators. (Affidavit ¶ 4 (Matute did not "remember who told [him] what").) Thus, the Affidavit does not constitute "newly discovered evidence" under Rule 33 because Torres already knew that Matute's statements might contain hearsay from sources other than co-conspirators, and he therefore "cannot claim that he 'discovered' that evidence only after trial." Owen, 500 F.3d at 91.

Second, defense counsel has not alleged sufficient facts from which the Court can infer due diligence. See James, 712

---

[3] This fact is not belied by the Government's statement in its *in limine* motion that Matute "witnessed" the murder. (See Dkt. No. 395, at 29.) As explained, because Torres was himself present, he knew that Matute was not. This knowledge, together with his pretrial arguments regarding the "unreliable and inconsistent hearsay statements" linking Torres to the Suazo murder (Dkt. No. 421, at 6) are enough to establish that he already knew or should have known that Matute's statements might be based on inadmissible hearsay.

5

F.3d at 107. Defense counsel did, as referenced above, litigate the admissibility of co-conspirator statements like Matute's. However, Torres has made no showing regarding his efforts to determine whether Matute learned about the Suazo murder from co-conspirators. Thus the Court cannot infer due diligence on his part with respect to discovering this "new evidence."

The Court need not, and does not, address the remaining factors. Because Torres fails to establish both that the evidence is "newly discovered" and that due diligence on his part can be inferred, he has not met his burden.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Randy Torres for a new trial under Federal Rule of Civil Procedure 33 (Dkt. No. 577) is **DENIED.**

**SO ORDERED.**

Dated: New York, New York
       23 March 2021

_____
Victor Marrero
U.S.D.J.